UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**DUWAYNE MICHAEL MOORE, JR.**                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:24-CV-P70-JHM**

**JOSHUA RENO**                                          **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Duwayne Michael Moore, Jr., is incarcerated as a pretrial detainee at Hopkins County Jail (HCJ). He sues HCJ Deputy Joshua Reno in both his official and individual capacities. Plaintiff alleges that Defendant Reno placed him in a suicide-watch cell that had feces and bodily fluids on the floor. As relief, he seeks damages.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claim

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity against Defendant Reno is actually against his employer, Hopkins County. A municipality such as Hopkins County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Hopkins County. Thus, Plaintiff's official-capacity claim must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

The Court construes the complaint as asserting a claim against Defendant Reno for deliberate indifference to Plaintiff's health. The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021). Until recently, the Sixth Circuit analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Richmond v. Huq*, 885

3

F.3d 928, 937 (6th Cir. 2018) (citation omitted).  While the first ("objective") prong of the Eighth Amendment analysis still applies to Fourteenth Amendment pretrial detainee claims, the Sixth Circuit has modified the second ("subjective") prong for Fourteenth Amendment claims in light of the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Brawner*, 14 F.4th at 594-97.  To satisfy the objective prong under either analysis, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

      Here, Plaintiff alleges that Defendant Reno placed him barefoot in a suicide-watch cell which had feces and bodily fluid on the floor.  "Extreme deprivations are required to make out a conditions-of-confinement claim[,]" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and courts have held that "temporary exposure to unsanitary conditions does not [meet this standard]." *Dykes v. Benson*, No. 22-1184, 2022 U.S. App. LEXIS 32288, at *16-17 (6th Cir. Nov. 22, 2022); *see also Lamb v. Howe*, 677 F. App'x 204, 209-10 (6th Cir. 2017) (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state a constitutional violation); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation where an inmate complained that he was exposed to raw sewage from an overflowed toilet in his cell for four days); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours).  Thus, because Plaintiff does not allege how long he was forced to stay in the unsanitary cell, the Court finds that Plaintiff has failed to satisfy the objective component of a Fourteenth Amendment claim against Defendant Reno and that the claim must therefore be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: October 8, 2024

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011